IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

HOWARD W. LEE,                    §
                                  §
VS.                               §   CIVIL ACTION NO.4:10-CV-604-Y
                                  §
                                  §
OFFICER INGRAM, et al.            §

        OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
           1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

    This case is before the Court for review of pro-se inmate and plaintiff Howard W. Lee's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Lee filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 for violation of his constitutional rights under the Fourteenth Amendment and naming as defendants Officer Ingram and Sheriff Roger Deeds, both of Hood County, Texas. (Compl. Style; § IV(B).) In response to Court order, Lee has also filed a more definite statement. He alleges that when he was stopped and detained on July 2, 2010, it was the result of racial profiling by Officer Ingram, and he alleges that Sheriff Deeds allows this practice. (Compl. § IV(B), § V.) Lee acknowledges that he was issued three citations: (1) evading arrest/detention with a motor vehicle; (2) tampering/fabricating physical evidence with intent to impede its availability; and (3) possession of a controlled substance, less than one gram. (More Definite Statement ¶ 7, Exhibits B-C.) Lee also alleges that while he was held at the Hood County jail, officers allowed the "N-word to be yelled out" at him by other inmates. (Compl. § V; MDS ¶ 14.) Lee asks the Court to issue an order to "stop profiling black drivers in Hood County,

order that further training be done on writing traffic tickets or on following the laws and policies of law enforcement, and compensation for lost wages." (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint and more definite statement under these standards, the Court concludes that Lee's claims must

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id.,* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

be dismissed.

Under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here.[6] Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending, (2) the state proceedings involve important state interests, and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges.[7] This Court has confirmed that plaintiff Lee is now the subject of indictment number CR11767 in the 355th Judicial District Court, Hood County, Texas, on the three charges he refers to in his complaint and more definite statement. That indictment shows that Lee is charged with, while knowing that an investigation was in progress, evading arrest with a vehicle and intentionally dropping a baggie containing a white substance with intent to impair its availability during an investigation (count one); intentionally fleeing, by using a vehicle, from Officer Michael Ingram, knowing Ingram was a peace officer who was attempting to lawfully arrest or detain him (count two); and intentionally or knowingly possessing a controlled

---

[6] *Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489-1490 (5th Cir.), *cert. denied,* 515 U.S. 1145 (1995).

[7] *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit. Ass'n*, 42 F.3d at 1490.

substance, namely cocaine, of less than one gram.[8]  Because Lee is the subject of a state prosecution on the charges made the basis of this complaint, and because those state proceedings afford an adequate opportunity for Lee to raise the challenges to his arrest and detention asserted here, the Court concludes that Lee's claims under 42 U.S.C. § 1983 arising from his stop and detention, including his claims for injunctive or declaratory type relief, must be dismissed.

A claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility.[9] Although plaintiff Lee names Sheriff Deeds, and alleges that certain violations took place on "Sheriff Deeds watch," when asked to state any facts of the personal involvement of Deeds, Lee wrote that Deeds "was not personally involved but indirectly." (MDS at ¶ 16.)  Lee thus appears to have named Deeds purely because of his supervisory capacity.  But § 1983 does not authorize supervisory liability based on *respondeat superior* or any theory of vicarious liability.[10]  Thus, the Court

---

[8] This Court takes judicial notice of the December 8, 2010, Indictment in case number CR11767 in the 355th Judicial District Court of Hood County, Texas. *See* Fed. R. Evid. 201(b).

[9] *See Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986); *Wanger v. Bonner,* 621 F.2d 675, 679 (5th Cir. 1980); *Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir. 1979).

[10] *See Alton v. Texas A&M Univ.,* 168 F.3d 196, 200 (5th Cir. 1999)("Only the direct acts of omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983"); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.")(citations omitted).

concludes that Plaintiff's claims against Deeds must be dismissed.

Lee also alleges that while housed in the Hood County jail, officers allowed other inmates to yell the "N-word" at him and did nothing to stop it and never "said one thing to stop such racial name calling." (MDS ¶ 14.) The United States Court of Appeals for the Fifth Circuit has rejected a claim by an inmate that racial slurs and statements by an officer were in violation of the Fourteenth Amendment equal protection right to be free from racial discrimination, because verbal abuse alone does not make out a constitutional violation.[11] Thus, as Lee alleges only verbal slurs, and none by any officer, his complaints do not arise to the level of a constitutional violation, and Lee's claims based thereupon must be dismissed.

As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[12] Lee alleges violations of his rights under the Fourteenth Amendment to the Constitution. Although

---

[11] *See Goss v. Montford Unit, et al.* 31 Fed. Appx. 154, 2001 WL 1748211, at *1 (5th Cir. Dec. 12, 2001)(citing *Williams v. Bramer,* 180 F.3d 699, 706 (5th cir. 1999)(holding that "an officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation"), *clarified on rehearing,* 186 F.3d 633 (5th Cir.) and *Bender v. Brumley,* 1 F.3d 271, 274 n.4 (5th cir. 1993)(allegations of verbal abuse and threatening language and gestures by correctional officer do not rise to the level of a constitutional violation)).

[12] 42 U.S.C.A. § 1997e(e)(West 2003).

long recognized as applying to claims under the Eighth Amendment,[13] the United States Court of Appeals for the Fifth Circuit held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."[14] More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions*," and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury precludes his recovery of any compensatory damages for emotional or mental injuries suffered."[15] Another district court has applied the language of *Geiger* to hold that an inmate's claims for compensatory damages for violation of the Fourteenth Amendment, without showing physical injury, are barred by § 1997e(e).[16]

In response to the Court's inquiry of whether he sustained any physical injury, Lee responded that he sustained no physical injury

---

[13]*See Herman v. Holiday,* 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower,* 112 F.3d 191, 193-94 (5th Cir. 1997).

[14]*Geiger v. Jones,* 404 F.3d 371, 375 (5th Cir. 2005).

[15]*Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007)(emphasis in original).99

[16]*Rogers v. Newman,* No.5:04CV193DCB-JCS, 2006 WL 1520298, at *1 (S.D. Miss. April 7, 2006).

6

and did not require any medication. Applying the above-referenced holdings to the instant case, no matter the substantive constitutional violations asserted by Lee, a failure to allege physical injury bars his claims for compensatory damages.[17]

Therefore, all of Plaintiff's claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED February 6, 2012.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[17] Section 1997e(e) does not preclude claims for nominal or punitive damages (*Hutchins*, 512 F.3d at 198) or for injunctive or declaratory relief (*Harper*, 174 F.3d at 719). Lee, however, expressly declined to assert any other claims for monetary damages. (MDS ¶ 19.)